UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PFIZER, INC., et ano.,

        Plaintiffs,

        -against-                               02 Civ. 8613 (LAK)

STRYKER CORPORATION, et ano.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiffs have obtained an interlocutory judgment against defendants which, after modification on a post-trial motion, amounts to approximately $17.1 million (including prejudgment interest at the rate of 9 percent per annum). Defendants' counterclaim, to the extent it has survived prior motion practice, remains pending. Plaintiffs now move to enter and certify their judgment pursuant to Fed. R. Civ. P. 54(b).

        Judgment already has been entered. (Docket items 203, 209) The motion therefore is moot to that extent.

        A district court may direct the entry of final judgment "when more than one claim for relief is presented in an action . . . as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. As the Second Circuit has said, "judicial efficiency may require certification in the 'infrequent harsh case [where] there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Smith v. Local 819, I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) (quoting *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2d Cir. 1992)). But the Court fails to see how judicial efficiency might be served by certifying here, let alone that there is any danger of hardship or injustice that might be alleviated by immediate appeal.

        For one thing, there is a chance that the judgment Pfizer has won will be reduced or wiped out by setoff as a result of Stryker's counterclaim. While the parties naturally disagree as to the likelihood that this will occur, no one denies that it is at least possible. To be sure, the existence of a counterclaim does not, in and of itself, preclude Rule 54(b) certification. But it is a factor entitled to consideration.

Second, we are not dealing here with impecunious parties. Pfizer does not suggest that Stryker's financial position subjects the ultimate collectability of its judgment to an insolvency risk. It does not argue that its own financial position places it in serious need of the cash. Its most recent Quarterly Report on Form 10-Q shows shareholders' equity of over $66.8 billion, current assets of over $32.7 billion, and a ratio of current assets to current liabilities of over 1.6 to 1[1]

The Court has considered these and the other pertinent factors. *See* 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2659 (1998). Based on all of these considerations, it declines to find that there is no just reason for delay. Accordingly, even assuming (without deciding) that the other prerequisites to Rule 54(b) certification are met, the motion (docket item 212) is denied.

SO ORDERED.

Dated: January 11, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[1] Pfizer, Inc., Quarterly Report on Form 10-Q for period ended Oct. 2, 2005 (available on SEC's Edgar data base).